### MOSES D. GALE and ADELIA his wife agt. ARCHIBALD McALLISTER.

*Facts* and *circumstances*, for an order to hold defendant to bail, should be *fully, particularly* and *positively* stated in the affidavit. (*See* 7 *Hill*, 153 ; 1 *Howard*, 251 ; 2 *id.* 27, 110.)

*September Term*, 1846.

MOTION by defendant to vacate an order holding defendant to bail.

It appeared that this suit was an action for slander, commenced by *capias*, upon which was an order, endorsed by a supreme court commissioner, to hold the defendant to bail in the sum of $500. A copy of the affidavit upon which the order was granted was not annexed to the papers ; but the defendant's attorney in his affidavit stated the objectionable parts of it, as follows : " That the action is for an alleged slander, and the said Gale in his said affidavit first described the defendant as a merchant in Albion (which he is and in good standing), and this deponent further says that the said

Gale agt. McAllister.

Gale in his affidavit, after stating the alleged slander, proceeds to show a special cause for holding the defendant [*273] to bail, as follows, *to wit :" "And deponent further says that he is informed and verily believes to be true, that said McAllister is worth little or no property, that the firm of Benedict & Tompkins, or Benedict & Williams, with whom said McAllister is reputed to be in partnership, failed last winter. Deponent further says, that he has had several conversations with said McAllister last fall and previous thereto, in which the said McAllister declared that if he failed in business he would put his property out of the reach of his creditors ; that he would hold out to his creditors that he had failed, while he would have his money and property so fixed in a secret way that it could not be discovered by his creditors, and that he would dispose of himself so as to keep out of danger. Deponent has further been informed and believes to be true, that the said McAllister is arranging his business matters with the intention of leaving this state for the west, to reside there, and deponent verily believes that unless he is held to bail he will be in danger of losing the damages which deponent may obtain in an action for slander." Defendant's attorney stated that the above was all that was stated in the affidavit besides the alleged slander, to make a special cause for holding defendant to bail.

C. M. JENKINS, *defendant's counsel.*
W. R. MCALLISTER, *defendant's attorney.*
A. TABER, *plaintiffs' counsel.*
H. D. TUCKER, *plaintiffs' attorney.*

Defendant's counsel *cited* 7 *Hill,* 153 ; 1 *Howard,* 251 ; 2 *id.* 27, 110.

BRONSON, Chief Justice. Held, that the affidavit upon which the defendant was held to bail was insufficient, and, *Ordered,* that the order to hold to bail be vacated, and that the bail bond be delivered up and canceled.